IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO G. TRUJILLO,

             Plaintiff,

      vs.                                                      CIVIL NO.  10-730 LH/LFG

STATE OF NEW MEXICO et al.,

             Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

        THIS MATTER is before the Court pursuant to an Order of Reference [Doc. 8].  Based on
the undersigned Magistrate Judge's review of the pleadings, I recommend that Plaintiff's Motion
to Amend [Doc. 14] be granted and that Defendants' Motions to Dismiss [Docs. 7, 10] be granted.

        Pedro G. Trujillo ("Trujillo") is a *pro se* litigant.  As such, the Court is required to view his
Complaint with a degree of liberality.   Erickson v. Pardus, 551 U.S. 89, 94 (2007).

        From the Complaint and proposed Amended Complaint, it appears that Trujillo was stopped
at a DWI checkpoint by New Mexico State Police Officer Chris Beavers.  Although the Complaint
is not entirely clear, it appears that Trujillo could not produce a driver's license, vehicle registration
or proof of insurance, and was cited by Officer Beavers to appear in a State Magistrate Court before
the Honorable Alex M. Naranjo, a State Magistrate Judge.

        As Trujillo's Complaint seeks a stay of proceedings and setting aside or voiding criminal

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended
disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and
recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants
to have appellate review of the analysis and recommendation.  If no objections are filed by November 29,
2010, no appellate review will be allowed.

judgments, it is unclear from the pleadings whether the traffic citations are simply pending before the state court or have proceeded through final judgment.

Trujillo's Complaint is based on the faulty premise that requiring him to be licensed, to register his vehicle, and to have automobile insurance violates his constitutional right to travel. While Trujillo's argument may resonate with like-minded anti-government groups, tax protesters, and Uniform Commercial Code devotees, it has been rejected by the United States Supreme Court.

In <u>Hendrick v. Maryland</u>, 235 U.S. 610 (1915), an unlicensed driver operating an unregistered vehicle sought to challenge on constitutional grounds the authority of the District of Columbia to interfere with his right to travel. The Supreme Court soundly rejected the argument.

> In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles–those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles and licensing of their drivers . . . . This is but a exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety and comfort of their citizens.

Some years later, the high court had a second opportunity to consider whether state licensing, registration and insurance requirements violated a citizen's constitutional rights. In <u>Bell v. Burson</u>, 402 U.S. 535 (1971), a driver challenged a state statute which denied or suspended a driver's license for failure to carry insurance. The high court noted in dicta that the state requirement did not violate the U. S. Constitution.

Similarly, the Tenth Circuit has held:

> The plaintiff's contention that the State of Colorado may not require him to have a driver's license is devoid of merit. There is no fundamental right to drive a motor vehicle . . . . Requiring a driver's license is a reasonable and necessary regulation that does not offend due process.

Roberts v. State, No. 00-1212, 2000 WL 1275606, at *2 (10th Cir. Sept. 8, 2000).

Trujillo's arguments have been considered but declined by other federal and state courts throughout the country.  For example, in State v. Booher, 978 S.W.2d 953 (Tenn. Crim. App. 1997), the court found that there was no undue infringement on an individual's "right to travel" by requiring licensing and registration.  So, too, in Quackenbush v. Superior Court, 60 Cal. App. 4th 454, 70 Cal. Rptr. 2d 271 (1997), the California court determined that a state can require a driver to be insured without violating the citizen's right to travel.  In Guerrero v. Ryan, 272 Ill. App. 3d 945, 651 N.E. 2d 586 (1995), the Illinois state court determined that a driver's license was not a fundamental constitutional right; and, in City of Bismarck v. Stuart, 546 N.W. 2d 366, 367 (N.D. 1996), the court stated:

> No court has ever held that it is an impermissible infringement upon
> a citizen's constitutional Right to Travel for the Legislature to decree
> that . . . every person who operates a motor vehicle on public roads
> must have a valid operator's license.

The same was true in City of Salina v. Wisdem, 737 P.2d 981(Utah 1987), where the court found that a right to travel granted under both state and federal constitutions does not include the right to ignore state laws governing the use of public highways, including the requirements for licensing, registration or insurance: "The motor vehicle code was promulgated to increase the safety and efficiency of our public roads.  It enhances rather than infringes upon the right to travel."  Id. at 982.

Federal cases include: Miller v. Reed, 176 F.3d 1201, 1205-06 (9th Cir. 1999); Abuhouran v. Soc. Sec. Admin., 291 Fed. Appx. 469, 473 (3d Cir. 2008); Duncan v. Cone, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000); Olds v. Esslinger, No. 09-CV-01472-CMA-CBS, 2010 WL 749829, at *7 (D. Colo. Mar. 4, 2010).

This Court specifically rejects Trujillo's contention that his constitutional rights were violated because he was required to be licensed, to have his vehicle registered, and to maintain automobile insurance.

3

## Rooker-Feldman Doctrine

Defendants also seek dismissal of the claim based on the Rooker-Feldman Doctrine. This doctrine springs from two separate cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Rooker-Feldman holds that lower federal courts shall not sit in direct review of state court decrees or judgments unless Congress specifically authorized such a review. In other words, a federal court is neither a reviewing court nor court of appeals for a state court order, decree or judgment. The remedy for a dissatisfied litigant in a state court proceeding, if at all, is with the state appellate courts.

In this case, Trujillo seeks a stay of criminal proceedings in a state magistrate court or, alternatively, to set aside any judgment issued by the Honorable Alex M. Naranjo, a New Mexico State Magistrate Judge, and Trujillo specifically invokes federal injunctive relief so as to intervene in a state court proceeding. Thus, Trujillo's request is directly implicated by the Rooker-Feldman Doctrine.

While in recent years, the scope of the Doctrine has been narrowed, it is still applicable to cases brought by state court litigants complaining of injuries caused by a state court judgment, and requesting federal review of those state judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

This is the very situation which Rooker-Feldman seeks to prevent. Trujillo wants the United States District Court to step into either a pending state court criminal proceedings or, alternatively, to reverse the outcome of those proceedings. Under Supreme Court authority in Rooker-Feldman cases, this is impermissible.

Moreover, to the extent Trujillo asks this Court to intervene in state court matters and stay the criminal prosecution, Trujillo's request is barred by federal statute. Specifically, 28 U.S.C. §

2283 provides, "A court of the United States may not grant in injunction to stay proceedings in a State court except as expressly authorized by an act of Congress . . . ." There is no express authorization to allow this Court to intervene and stay proceedings, and other exceptions of § 2283 do not apply in this case. Accordingly, Trujillo's request is explicitly barred by federal law.

## Absolute Immunity

Trujillo's lawsuit seeks a monetary judgment of $10,000, plus one million dollars in punitive damages from various Defendants, including a state judge. Driving offenses, including those relating to failure to possess a driver's license, operating a motor vehicle without proper registration, or driving a motor vehicle without being insured all come within the jurisdictional authority of a state magistrate judge. N.M.S.A. (1978) §§ 35-3-4, 66-8-7.

It is apparent that Judge Naranjo is the trial judge to whom the case was assigned. A trial judge enjoys absolute immunity for actions the judge takes while acting within his or her jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). There is no allegation in Trujillo's Complaint that Judge Naranjo did anything but deal with a case properly assigned to him, and, as such, the judge is absolutely immune.

## Qualified Immunity

Officer Beavers is the New Mexico State Police Officer who cited Trujillo for violation of New Mexico's motor vehicle code. There is nothing in the pleadings that indicates Beavers did anything but issue a citation when Trujillo was unable to provide proof that he was licensed, and that the vehicle he was driving was registered or insured. Beavers was carrying out the mandate of New Mexico law.

Qualified immunity serves to protect public officials who perform discretionary functions insofar as their conduct does not violate clearly established constitutional or statutory rights. Harlow

5

v. Fitzgerald, 457 U.S. 800, 818 (1982).  In this case, any claim against Beavers must, of necessity, be based on an allegation that he violated Trujillos' constitutional rights and did so under the color of law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).

In light of the fact that there is no fundamental constitutional right to a driver's license, and no constitutional right to operate an unregistered or uninsured motor vehicle, Trujillo cannot establish one of the two requisite prongs of a Section 1983 case that his constitutional rights were violated.  Therefore, his claim under 42 U.S.C. § 1983 must, of necessity, fail, and the claims against Officer Beavers should be dismissed with prejudice.

### John Does

While Trujillo named Ninety-Nine Other Unknown Persons as defendants, he has not served them, nor has his Complaint alleged what, if anything, the ninety-nine individuals did to violate his rights.  Thus, his Complaint is deficient for lack of service of process and, further, for the reasons discussed elsewhere in this opinion, it will not withstand Fed. R. Civ. P. 12(b)(6) scrutiny under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009).

Trujillo's claims against the Ninety-Nine Other Unknown Persons should be dismissed without prejudice.

### Claims Against the State of New Mexico

Trujillo seeks damages and injunctive relief against the State of New Mexico.  As noted above, his *ad damnum* clause seeks damages of $10,000, plus punitive damages of one million dollars.  The claims against the State are brought under 42 U.S.C. § 1983.

However, the State is not a "person" under Section 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).   As claims under 42 U.S.C. § 1983 must be brought against a

6

"person," and the State does not qualify as a person under the law, id., the damage claims against the State must be dismissed with prejudice. *See also* White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996)(a state enjoys Eleventh Amendment immunity against claims for money damages).

Furthermore, to the extent Trujillo seeks to enjoin the State from prosecuting him, as discussed, *supra*, federal law specifically prohibits the issuance of an injunction under these circumstances,  28 U.S.C. § 2283; Exxon Mobil Corp., *supra*.

### County Defendants

The County Defendants joined in the State's Motion to Dismiss [Doc. 10].  Trujillo's allegations against the County are apparently based on a misunderstanding of the role of Judge Naranjo.  He is identified in the Complaint as a "County Magistrate Judge," who was acting "as a duly elected State-County Official and was employed, compensated, enriched and rewarded for performing its duties as a County Magistrate Court Judge." [Doc. 1, Ex. A, Complaint, p. 4]

A review of state statutes would disclose that Magistrate Naranjo is not a county official, but is a state judge.  N.M.S.A. (1978) § 35-1-1.  Moreover, to the extent that Rio Arriba County was sued based on the faulty premise that the County was Judge Naranjo's supervisor, there is no *respondeat superior* liability Section 1983 cases against municipal bodies.  Monell v. Dep't of Soc. Serv., 436 U.S. 658, 692-93 (1978).

The only other allegation against Rio Arriba County is that it failed to adequately train and supervise its employees.  While a failure to train allegation is actionable under Section 1983, the Court already determined that there is no constitutional violation.  It does not violate the United States or State constitution to require that a driver be licensed, drive a registered vehicle or have insurance.  Because Trujillo cannot establish a constitutional violation, there can be no municipal liability for failure to train or supervise.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

In sum, the Court determines that Trujillo's claims are simply not actionable and are all subject to dismissal. The Court determines that all claims against governmental entities and individuals should be dismissed with prejudice; and that the unknown claims against Ninety-Nine Other Unknown Persons be dismissed without prejudice.

Plaintiff's Motion for Leave to File First Amended Complaint should be granted; however, the proposed First Amended Complaint does not cure any of the defects herein discussed.

## **Recommended Disposition**

That Plaintiff's Motion for Leave to File First Amended Complaint [Doc. 14] be GRANTED: that Defendants' Motion to Dismiss [Doc. 7] be GRANTED; and that all of Plaintiff's claims be dismissed with prejudice, except the unknown claims against John Does which should be dismissed without prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge